UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JACK HEITZ, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:08-CV-37 RM |
| LAPORTE COUNTY PROBATION DEPARTMENT, *et al.*, | ) ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Jack Heitz, a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his federally protected rights by charging him with a violation of probation when he was not on probation. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Heitz asserts that defendants Robert Schuster and Jacqueline Dermody of the LaPorte County Adult Probation Department violated rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. He sues defendants Schuster, Dermody, and the LaPorte Adult Probation Department in their personal capacity

2

for damages. (Complaint at p. 8).

Mr. Heitz brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. <u>Bell v. City of Milwaukee</u>, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. <u>West v. Atkins</u>, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979).

Mr. Heitz asserts that in September 1997, he was convicted in the LaPorte Circuit Court, and "was sentenced, on September 29-30, 1997, to a term of sixteen (16) years, with six (6) years suspended, and was placed on probation for the latter six (6) years, to be served upon release from prison . . .." (Complaint at p. 3). He alleges that he wasn't properly advised or notified of the conditions and rules of probation or that the term of probation was to commence upon completion of his incarceration. He states that while committed to the Indiana Department of Correction he was charged with attempted drug dealing, but those charges were dismissed, and he pleaded guilty in the Madison Circuit Court to possession of a controlled substance.

According to the complaint, on September 27, 2004, before he had completed the 10 years of incarceration imposed by the LaPorte Circuit Court, defendants Schuster and Dermody filed a notice of probation violation based on the Madison County charge of attempted drug dealing, moved to revoke the suspended sentence, and placed a detainer

3

on him, even though they knew "that Heitz was not on probation until he was released from prison, so they had no authority over Heitz for his actions committed in prison over 2000, through 2004." (Complaint at p. 5). Mr. Heitz moved to dismiss the probation violation charge and petition to revoke suspended sentence, and, according to the complaint, on January 23, 2006, the LaPorte Circuit Court granted the motion to dismiss. Mr. Heitz alleges that the defendants' actions caused him to be held past his outdate.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Heitz the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Fourteenth Amendment claim against defendants Schuster and Dermody.

Mr. Heitz also alleges that the defendants' actions violated the Fourth Amendment's prohibition against unreasonable searches and seizures. The provisions of the Fourth Amendment apply to "free persons," Graham v. Conner, 490 U.S. 386 (1989), and Mr. Heitz was committed to the Indiana Department of Correction when the events he complains of occurred. His claims are more appropriately analyzed under the Fourteenth Amendment's Due Process Clause than the Fourth Amendment's search and seizure clause.

Mr. Heitz also alleges that the defendants' actions violated the Fifth Amendment's due process clause. The Fifth Amendment's due process clause, however, applies only to acts of the federal government and does not limit actions of state officials. Craig v. Cohn, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000).

4

Mr. Heitz also alleges that the defendants' actions violated the Eighth Amendment's cruel and unusual punishments clause because they caused him to be kept in prison past his outdate. The Eighth Amendment deals with punishments inflicted as a result of a conviction or with conditions of confinement. Nothing in Mr. Heitz's complaint implicates the Eighth Amendment's prohibition against cruel and unusual punishments. That probation officials might have wrongfully caused him to be held past his outdate is a Fourteenth, not an Eighth, Amendment claim.

Finally, Mr. Heitz seeks to sue the LaPorte County Adult Probation Department, which employs defendants Schuster and Dermody. He says he wants to sue all defendants in their individual capacities, but a governmental agency may only be sued in its official capacity. Moreover, municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). The complaint can't be read to allege that defendants Schuster and Dermody acted as they did as a result of a policy established by a governmental entity or as a result of a widespread practice or custom. The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

For the foregoing reasons, the court:

> (1) GRANTS the plaintiff leave to proceed against defendants Robert Schuster and Jacqueline Dermody in their personal capacities for damages on his Fourteenth Amendment claim that their actions caused him to be held past the date he would

5

have otherwise been released from the custody of the Indiana Department of Correction;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), the LaPorte County Adult Probation Department, and the plaintiff's claims under the Fourth, Fifth, and Eighth Amendments;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon them, the defendants are to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on Robert Schuster and Jacqueline Dermody, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint

SO ORDERED.

ENTERED: June  25 , 2008

　　　　　　　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.　
　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court