UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK HEITZ, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:08-CV-037RM ) |
| LAPORTE COUNTY PROBATION DEPARTMENT, *et al.*, | ) ) ) |
| Defendants | ) ) |

## OPINION AND ORDER

Jack Heitz, a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that the LaPorte County Adult Probation Department, Robert Schuster, and Jacqueline Dermody violated his federally protected rights by charging him with a violation of probation when he was not on probation. The court reviewed the complaint pursuant to 28 U.S.C. § 1915A, granted Mr. Heitz leave to proceed against defendants Robert Schuster and Jacqueline Dermody in their personal capacities for damages on his Fourteenth Amendment claim that their actions caused him to be held past the date he would have otherwise been released from the custody of the Indiana Department of Correction, and dismissed the LaPorte County Adult Probation Department and the plaintiff's claims under the Fourth, Fifth, and Eighth Amendments.

Mr. Heitz has submitted an amended complaint renaming The LaPorte County Adult Probation Department, Robert Schuster and Jacqueline Dermody, and adding Robert Gilmore, and Kurt Earnst as defendants. Mr. Heitz states that

Robert Gilmore "was the appointed Judge of the LaPorte County Circuit Court and presided over" his probation revocation. (Amended Complaint ¶ 13). Kurt Earnst "was the legal representative appointed by the LaPorte County Circuit Court to aid and assist the plaintiff in his revocation of probation " (Amended Complaint ¶ 15).

In his amended complaint, Mr. Heitz re-pleads his Fourteenth Amendment claim, seeks to reinstate the LaPorte County Adult Probation Department as a defendant, and to add Judge Gilmore and his attorney, Kurt Earnst, as defendants. "Leave to amend is to be 'freely given when justice so requires.'" Liu v. T&H Machine, 191 F.3d 790, 794 (7th Cir. 1999) quoting FED. R. CIV. P. 15(a).

> Leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment.

Liu v. T&H Machine, 191 F.3d at 794 (quotation marks and citations omitted). Amending this complaint would be futile because Mr. Heitz seeks to add a defendant who the court has already dismissed and two defendants who are immune from § 1983 damage claims.

Defendants Schuster and Dermody are employees of the LaPorte County Adult Probation Department. In its screening order, the court noted that "municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)." (Docket #11

at p. 5). The court dismissed the Probation Department because Mr. Hetiz's complaint didn't allege that defendants Schuster and Dermody acted as they did as a result of a policy established by a governmental entity or as a result of a widespread practice or custom. The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Hetiz's amended complaint doesn't provide justification for reinstating the Probation Department as a defendant.

Mr. Heitz seeks to sue the judge who presided over his probation revocation. Judge Gilmore, however, is entitled to absolute judicial immunity if his actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity. Judge Gilmore had the jurisdiction to preside over Mr. Heitz's a probation revocation hearing in a case over which he presided. *See* John v. Barron, 897 F.2d 1387, 1392 (7th Cir. 1990) (test is whether the acts are those normally performed by a judge). Accordingly, Judge Gilmore is entitled to judicial immunity.

Mr. Heitz also seeks to name his public defender, Kurt Earnst, as a defendant. To state a claim under § 1983, the person who committed the alleged wrongful conduct must have been "acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 536 (1981). If the person didn't act "under color of state law," the action against him must be dismissed. Rendell-Baker v. Kohn, 457 U.S.

830, 838 (1982). An attorney, even a public defender appointed to represent a criminal defendant in state court, doesn't act under color of state law. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981).

For the foregoing reasons, the court DENIES the plaintiff leave to amend his complaint and STRIKES the amended complaint (docket #29). This case remains before the court on the plaintiff's original complaint.

SO ORDERED.

ENTERED: March 2, 2009

/s/ Robert L. Miller, Jr.<br>
Chief Judge<br>
United States District Court

cc: J. Heitz
   E. Flynn
   S. Friedman