UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK HEITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:08-CV-00037 RM |
| | ) |
| LaPorte COUNTY ADULT | ) |
| PROBATION DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Jack Heitz Hunt submitted a complaint under 42 U.S.C. § 1983, alleging that The LaPorte County Adult Probation Department and probation officers Robert Schuster and Jacqueline Dermody violated his federally protected rights by improperly charging him with a violation of probation. The court screened Mr. Heitz's complaint pursuant to 28 U.S.C. § 1915A, allowed him to proceed against defendants Schuster and Dermody on his claim that their actions caused him to be held past the date he would have otherwise been released from the custody of the Indiana Department of Correction ("IDOC"), and dismissed the LaPorte County Adult Probation Department and all other claims. Mr. Heitz filed an amended complaint seeking to add defendants, but the court denied his request for leave to amend.

The defendants have now filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56; Mr. Heitz hasn't responded. The defendants argue that Officer Schuster had no personal involvement in the probation revocation

proceedings and that Officer Dermody's initiation of those proceedings didn't violate Mr. Heitz's federally protected rights. Alternatively, they argue that Mr. Heitz's action is barred by the statute of limitations and that they are protected by the doctrine of qualified immunity. For the reasons that follow, the court grants the defendants' motion for summary judgment.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

The defendants submit their affidavits in support of their summary judgment motion. They also submit documents from the record of the criminal prosecution against Mr. Heitz and from his suspended sentence revocation proceeding. The defendants' submissions establish that Mr. Heitz was convicted

2

in 1997 of rape and sentenced to a term of sixteen years imprisonment of which six years were suspended and to be served on probation. He also was sentenced to three years for perjury. The probation rules were file stamped and dated September 29, 1997, and Mr. Heitz signed them on October 14, 1997.

Before his scheduled release from the Indiana Department of Correction on April 22, 2005, Officer Dermody filed a motion to revoke Mr. Heitz's suspended sentence based on an arrest for dealing with a controlled substance while he was confined at an IDOC facility. Mr. Heitz pleaded guilty to that charge and was sentenced to two years imprisonment to be served consecutive with his existing sentence. Judge Robert W. Gilmore, Jr. of the LaPorte Circuit Court found probable cause for the initiation of the suspended sentence revocation proceedings, and issued an arrest warrant for Mr. Heitz.

On April 22, 2005, Mr. Hetiz was released from the IDOC and remanded to the custody of the LaPorte County Sheriff pursuant to the arrest warrant. Mr. Heitz moved to dismiss the petition for revocation of suspended sentence, arguing that he hadn't been advised of his rules of probation properly and that he wasn't yet on probation. On January 23, 2006, Judge Gilmore granted Mr. Heitz's motion to dismiss the petition for revocation of suspended sentence, and ordered Mr. Heitz to be released from custody.

According to the complaint, Officer Schuster is Officer Dermody's supervisor and was involved in Mr. Schuster's initial sentencing. Officer Schuster states in his affidavit that he was the probation officer involved in Mr. Heitz's initial

3

sentencing in 1997 (docket #70-2, Exhibit A), but that he wasn't the officer who initiated the petition for revocation against Mr. Heitz. He states "that he was not involved in the legal proceedings associated with the filing of the Petition for Revocation." (Docket #70-2, Exhibit A, ¶ 19).

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971). Because the undisputed evidence before the court establishes that defendant Schuster wasn't involved in the events Mr. Heitz asserts violated his federally protected rights, he is entitled to summary judgement.

Officer Dermody states in her affidavit that she was the probation officer who initiated the revocation proceedings against Mr. Heitz. Officer Dermody says she became aware that Mr. Heitz had been charged with a criminal offense while committed to the Indiana Department of Correction and, after obtaining copies of the documents establishing that he had been convicted of another criminal charge while committed to the IDOC, she filed the petition for revocation of suspended

4

sentence. She also states "that after filing the Petition for Revocation the matter was reviewed by Judge Robert Gilmore who found probable cause and issued the warrant." (Docket #70-2, Exhibit B, ¶ 14). The defendants have submitted a copy of the order dated September 27, 2004, signed by Judge Gilmore, finding probable cause for revocation of the suspended sentence. (Docket #70-2, Exhibit 14). Mr. Heitz filed a motion to dismiss revocation proceedings, and after conducting a hearing, Judge Gilmore granted the motion to dismiss on January 23, 2006, because "at the Defendant's Sentencing Hearing on September 29 and 30, 1997, the Defendant was not properly advised of his Probation rules." (DE # 70-2, Exhibit 37).

The evidence before the court establishes that Probation Officer Dermody prepared the petition for revocation of suspended sentence based on Mr. Heitz's probation rules, which included a condition that he should refrain from violating any law, and on the undisputed fact that Mr. Heitz was convicted of dealing with a controlled substance while he was in the custody of the IDOC. Judge Gilmore found probable cause to exist and issued the arrest warrant that caused Mr. Heitz to remain in custody after his release from the IDOC.

That, after a hearing, Judge Gilmore concluded that Mr. Heitz hadn't been properly advised of his probation rules in 1997 doesn't mean that Officer Dermody violated Mr. Heitz's federally protected rights when she initiated the revocation proceedings. There is no evidence that Officer Dermody was aware of any problem with the advisement of his probation rules given to Mr. Heitz in 1994, the evidence

5

establishes that Officer Dermody had good cause to initiate the probation revocation proceedings against Mr. Heitz, and Judge Gilmore found probable cause to exist before signing the order initiating the parole revocation proceedings and issuing an arrest warrant for Mr. Heitz.

The existence of probable cause completely bars a Fourth Amendment claim. Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996) *cert. denied*, 519 U.S. 1113 (1997)*;* Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995). That probable cause existed to initiate the suspended sentence revocation proceedings defeats Mr. Heitz's claim that Officer Schuster's actions improperly caused him to be improperly confined past his scheduled release date.

Moreover, although they do not specifically cite the doctrine of quasi-judicial immunity, the defendants argue that Officer Schuster is immune from damages because she acted under Judge Gilmore's supervision and at his direction, which meets the requirements of quasi-judicial immunity. Non-judicial officials whose official duties are integrally related to the judicial process are entitled to absolute immunity for their quasi-judicial conduct. Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir.1986).

> Probation officers have quasi-judicial absolute immunity from damage claims for alleged misconduct in the investigation and preparation of pre-sentence reports. The plaintiffs' allegations against Mr. Juppe (which appear primarily in count II- see Complaint at ¶ 36) solely concern his role in preparing Mr. Kaufmann's presentence report. I find that absolute quasi-judicial immunity provides another basis for dismissing counts I through V against Mr. Juppe in his personal capacity since the plaintiffs' allegations against him fall squarely within his duties as a probation officer.

Kaufmann v. U.S., 840 F.Supp. 651, 656 (E.D.Wis. 1993) (citations omitted)..

> We held in Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir.1984), that probation officers receive immunity in preparing presentence investigation reports. Additionally, we noted in Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir.1999), that witnesses in criminal trials and grand jury proceedings are afforded absolute immunity. We also stated that "the Supreme Court has interpreted § 1983 to give absolute immunity to functions intimately associated with the judicial process." *Id.* (internal quotations omitted).FN6 Although a parole hearing is not a criminal hearing or grand jury proceeding, we read the Supreme Court's and our previous cases to imply that parole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties. Thus, because Crosby was acting within the scope of his duties when he testified, we conclude that the district court erred in permitting the claims for monetary damages to proceed against Crosby.

Holmes v. Crosby, 418 F.3d 1256, 1258-1259 (11th Cir. 2005) (footnotes omitted).

This case deals with revocation of a suspended sentence, not with the preparation of a presentence investigation report, but the same principles apply. Officer Schuster, like the probation officer in Kaufmann v. U.S. and the parole officer in Holmes v. Crosby, acted under judicial supervision. Judge Gilmore reviewed and adopted her recommendations, finding probable cause to exist. Accordingly, even had there been some problem with Officer Schuster's initial recommendation that Mr. Heitz's suspended sentence be revoked, she would be entitled to quasi-judicial immunity.

Because Officer Schuster had no personal involvement in the revocation of probation proceedings and Officer Dermody is entitled to summary judgment on the merits, the court won't address the defendants' statute of limitations or qualified immunity arguments.

7

The court GRANTS the defendants' motion for summary judgment (docket #69), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: August  4 , 2009

                                       /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court