UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACK HEITZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:08-CV-00037 RM |
| | ) |
| LaPorte COUNTY ADULT | ) |
| PROBATION DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Plaintiff Jack Heitz submitted a complaint under 42 U.S.C. § 1983. The court screened Mr. Heitz's complaint pursuant to 28 U.S.C. § 1915A, allowed him to proceed against defendants Schuster and Dermody on his claim that their actions caused him to be held beyond the date he would have otherwise been released from the custody of the Indiana Department of Correction.

On June 24, 2009, the defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56. Mr. Heitz didn't respond within the allotted time period, and the court granted the defendants' motion for summary judgment on August 4. On September 8, Mr. Heitz filed a motion to reconsider and vacate the order granting the defendants' motion for summary judgment. Mr. Heitz states that on or about July 22, he corresponded with opposing counsel pursuant to Local Rule 6.1 requesting an agreed enlargement of time for thirty days, that opposing counsel agreed, but that before he "was provided the opportunity to notify this court of opposing counsel's agreement to the extension of time, this court issued the Opinion and Order." (Docket #73 at 2).

Local Rule 6.1 provides that "In every civil action pending in this court in which a party wishes to obtain an initial extension of time not exceeding thirty (30) days withion which to file a responsive pleading or response to a written request for discovery or request for admission, the party shall contact counsel for the opposing party and solicit opposing counsel's agreement to the extension." Local Rule 6.1 has no application to enlargements of time to respond to dispositive motions. Moreover, Mr. Heitz never notified the court of opposing counsel's agreement to the enlargement.

Accordingly, the court will deny the motion to set aside the judgment in this case with leave to refile it within thirty days attaching a response to the defendants' motion for summary judgment. The court will evaluate Mr. Heitz's response to the summary judgment motion and reopen the case if the response might have avoided summary judgment, and give the defendants an opportunity to respond.

For the foregoing reasons, the court DENIES the plaintiff's motion to reconsider and vacate the order granting the defendants' motion for summary judgment (docket # 73). The court AFFORDS the plaintiff until December 18, 2009, within which to renew his motion to vacate the judgment along with a copy of his response to the defendants' motion for summary judgment.

SO ORDERED.

ENTERED: November  30 , 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: J. Heitz, E. Flynn